# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jose Monserrato Martinez, Jr.,

        Petitioner,

v.

Warden David Paul,
Federal Medical Center Rochester,

        Respondent.

Case No. 18-cv-1260 (JRT/ECW)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Jose Monserrato Martinez, Jr.'s ("Martinez") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) ("Petition"). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Martinez seeks to receive additional credit toward his sentence for his time in custody prior to when his sentence was imposed. For the reasons stated below, the Court recommends the Petition be denied.

## I.   BACKGROUND

Martinez is a prisoner currently serving his federal sentence at the Federal Medical Center ("FMC") Rochester. (Dkt. No. 1 at 4.) Martinez has a projected release date of April 18, 2021 via a good conduct time release. (Dkt. No. 5-1, Ex. A.)

On August 25, 2011, Martinez was arrested by state police in Louisa County, Iowa, for the state offenses of Probation Violation and Possession of Cocaine with Intent

to Deliver.  (Dkt. No. 5 ¶ 5.)  Martinez was sentenced in case FE-CR-007894 in Iowa state court on September 16, 2011 for a period not to exceed ten years for the Possession of Cocaine with Intent to Deliver.  (Dkt. No. 5-1, Ex. C at 1.)  Martinez was also sentenced in FE-CR-007789 for violating probation and sentenced to a term not to exceed five years, running concurrently with his other state sentence.  (Dkt. No. 5-1, Ex. D at 1-2.)

An indictment was filed on October 21, 2011 against Martinez for Conspiracy to Distribute at Least Five Kilograms of a Mixture and Substance Containing Cocaine. (Dkt. No. 5-1, Ex. B at 1.)  On November 16, 2011, Martinez was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*.  (Dkt. No. 5-1, Ex. G at 2.)  Martinez pled guilty to the charge.  (*Id.*)  On August 24, 2012, the Honorable Chief Judge James Gritzner of the Southern District of Iowa sentenced Martinez as follows:

> 120 months as to the one-count Indictment filed on October 21, 2011, to be served concurrently to the undischarged terms of imprisonment in the Iowa District Court of Louisa County, docket numbers FECR007894 and FECR007789.

(Dkt. No. 5-1, Ex. B at 2.)

After Martinez was sentenced in federal court, he was transferred back to state custody on October 12, 2012 to complete his state sentence.  (Dkt. No. 5-1, Ex. G at 2.) On April 16, 2013, Martinez's state sentence concluded, and he was transferred back to federal custody to serve the remainder of his federal sentence.  (*Id.*)  The Bureau of Prison's ("BOP") records indicate that Martinez's sentence computation began on August 24, 2012, the date he was sentenced in federal court, and that he was credited from

August 25, 2011 (the date of his arrest) to September 15, 2011 (the date before his state sentence began) for a total of 22 days of jail credit. (Dkt. No. 5-1, Ex. A at 3.)

Martinez challenged his sentence computation in a Request for Administrative Remedy which was received on July 11, 2017. (Dkt. No. 1-1 at 2.) The Acting Warden's response on July 25, 2017 denied his request. (*Id.*) The Response stated that Martinez's sentence was properly computed based on a commencement date of August 24, 2012 and that the time period of September 16, 2011 to August 23, 2012 was credited toward his state sentence and cannot be credited toward his federal sentence. (*Id.*)

Martinez appealed the denial to the North Central Regional Office on September 5, 2017, which denied the appeal on September 18, 2017. (Dkt. No. 1-1 at 1.) Martinez then appealed to the Central Office. (*Id.* at 3-4.) The Central Office denied the appeal on February 6, 2018, thereby exhausting Martinez's administrative remedies. *See Loving v. Jett*, 09-cv-1403 PAM/AJB, 2009 WL 2960710, at *2 (D. Minn. Sept. 10, 2009) ("A prisoner's complaint has been exhausted, and is thereby subject to district court review, upon receipt of the Central Office response.").

On May 7, 2019, Martinez filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking to get jail time credit for the time from September 15, 2011, when he was transferred to the federal facility for his federal criminal proceeding, through August 24, 2012, when he was returned to the state facility—during which time he was serving his state sentence. (Dkt. No. 1 at 1.)[1]

---

[1]  In his petition, Martinez seeks credit for the period beginning September 15, 2011, which would double-count the day of September 15, 2011 since Martinez already

3

## II.   LEGAL STANDARD

"The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence." *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). "An inmate may challenge the BOP's computation of his sentence pursuant to 28 U.S.C. § 2241." *Elwell v. Fisher*, 11-cv-2595 RHK/LIB, 2012 WL 2277850, at *3 (D. Minn. Apr. 25, 2012) (citing *Tindall*, 455 F.3d at 888). However, the BOP's determination of a sentence computation is entitled to "substantial deference." *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007).

## III.   DISCUSSION

The calculation of a sentence is determined by 18 U.S.C. § 3585, which sets forth a two-step test. The steps involve: "(1) determining when the sentence commenced; and (2) determining whether the defendant is entitled to credit for time spent in custody prior to the commencement of the sentence." *Stewart v. Cruz*, 08-cv-6085 RHK/SRN, 2009 WL 1607579, at *4 (D. Minn. June 8, 2009) (citing *Tindall*, 455 F.3d at 888).

### A.   When the Federal Sentence Commenced

As discussed below, Martinez's federal sentence commenced on the date it was imposed—the earliest a federal sentence can commence. "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Martinez

---

received jail credit for it. The Court will construe his request as beginning on September 16, 2011, the day following the period for which he already received credit.

was arrested on August 25, 2011 by state police for state offenses and was held in state custody.  (Dkt. No. 5 ¶¶ 5, 7.)  Consequently, the State of Iowa had primary jurisdiction.  *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (citations omitted) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person.").  "Primary jurisdiction continues until the first sovereign relinquishes its priority in some way.  Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence."  *Id.*  When Martinez was transferred to federal custody pursuant to the writ of habeas corpus *ad prosequendum*, "primary jurisdiction [was] not lost but rather the defendant [was] considered to be 'on loan' to the other sovereign."  *Id.* at 896-97.  "[I]ssuance of [a] writ of habeas corpus *ad prosequendum* d[oes] not alter [the defendant's] custody status.  It merely change[s] the location of his custody for the sentence he was already serving."  *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994); *see also Faidley v. Fisher*, No. CIV. 09-2531 DWF/JJK, 2010 WL 3283412, at *1 (D. Minn. June 28, 2010) ("During the seventeen-month period that Petitioner was in the custody of the U.S. Marshals before the federal sentence was imposed, the State of Iowa retained primary custody over Petitioner because a writ of habeas corpus *ad prosequendum* does not relinquish primary jurisdiction from one sovereign to another."), *R&R adopted by*, No. CIV. 09-2531 DWF/JJK, 2010 WL 3283409 (D. Minn. Aug. 18, 2010).  Consequently, the state maintained primary custody over Martinez for the entire duration prior to his federal sentence.  Martinez's federal sentence therefore commenced on August 24, 2012, the date

his federal sentence was imposed, which is the earliest possible date the sentence could commence. *Mathison v. Morrison*, CIV 06-3496 JMR/AJB, 2007 WL 3224671, at *4 (D. Minn. Nov. 1, 2007) (citations omitted) ("Numerous federal district courts have likewise determined that a federal prison sentence cannot be deemed to have commenced, retroactively, at any time prior to the date of imposition.").

The fact that Martinez's federal sentence is "to be served concurrently to the undischarged terms of imprisonment" of the state sentences does not change when the federal sentence commenced. The petitioner in *Mathison* made the same argument, and it was rejected by the court. 2007 WL 3224671, at *5. The court noted that it "fully appreciates that Petitioner's 21-month sentence and his 246-month sentence were to be served 'concurrently.' However, that can only mean that the second sentence was to be served concurrently *with the unserved remainder of the first sentence* (as of the date when the 246–month sentence was imposed)." *Id.* (emphasis in original). Here, the federal sentence expressly states that it is concurrent with "**undischarged** terms" of the state sentences. (Dkt. No. 5-1, Ex. B at 2 (emphasis added).) There can be no doubt that the sentencing court intended the federal sentence to commence no earlier than the date of its imposition—August 24, 2012.

**B.     Credit for Time Spent in Custody Prior to Commencement**

The next step of the sentence computation requires the BOP to determine how much credit is given for time spent in custody prior to the commencement:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).  The BOP computed that Martinez was entitled to 22 days toward the service of his term for the period from August 25, 2011 to September 15, 2011 to account for his time spent in state presentence custody.  (Dkt. No. 5 ¶ 7; Dkt. No. 5-1, Ex. A at 3.)  Martinez contends that he should also be credited for the remainder of his pre-federal-sentence period, from September 16, 2011 to August 24, 2012.  (Dkt. No. 1 at 1.)  The Court rejects this argument because it conflicts with the plain language of 18 U.S.C. § 3585(b).

Section 3585(b) prohibits crediting time toward a federal sentence if it has "been credited against another sentence."  Here, the time from September 16, 2011 to August 23, 2012 was credited against Martinez's state sentences.[2]  (*See* Dkt. No. 5-1, Exs. C, D.)  That time therefore cannot also be credited as presentence custody toward the federal sentence.  "A defendant cannot have time that he spends in jail on a state offense before he is sentenced on a federal offense credited toward both his state and federal sentences, for that would give the defendant 'double credit for his detention time.'"  *Singleton v. Hollingsworth*, CIV. 05-2082PJS/RLE, 2006 WL 2067761, at *1 (D. Minn. July 24, 2006) (quoting *United States v. Wilson*, 503 U.S. 329, 337 (1992)).  Accordingly, the

---

[2]   August 24, 2012 is included in Martinez's federal sentence because it is the date on which the sentence began. (Dkt. No. 5-1, Ex. A at 4.)

7

BOP properly calculated the credit for prior custody to which Martinez was entitled pursuant to § 3585(b).

C.   **Nunc Pro Tunc Designation**

Martinez also argues that the BOP should have contacted the sentencing judge to "determine whether nunc pro tunc designation should commence to his federal sentence prior to the date of its imposition." (Dkt. No. 7 at 1 (citing *Hall v. Rivera*, No. 2:15-cv-70 DPM/PSH, 2015 WL 6742695 (E.D. Ark. Sept. 9, 2015)).)  First, this argument fails because the federal sentence was clear that it was "to be served concurrently to the **undischarged terms**" to the state sentences, and thus not commence prior to its imposition. (Dkt. No. 5-1, Ex. B at 2 (emphasis added).)  Second, even if the sentence terms were unclear, a sentence can *never* commence prior to imposition, so there was no reason for the BOP to contact the sentencing judge. The Eighth Circuit has stated that a "federal sentence cannot commence prior to date it is pronounced, even if made concurrent with [a] sentence already being served." *Sisemore v. Outlaw*, 363 F. App'x 424, 424-25 (8th Cir. 2010) (unpublished) (citing *Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam)).  For at least these reasons, the BOP did not abuse its discretion by not contacting the sentencing judge to determine whether a nunc pro tunc designation should apply.

## IV. RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus of Petitioner Jose Monserrato Martinez, Jr. (Dkt. No. 1) be **DENIED**.

2. That this case be **DISMISSED WITH PREJUDICE**.

DATED: March 6, 2019           *s/Elizabeth Cowan Wright*
                               ELIZABETH COWAN WRIGHT
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).