# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE MONSERRATO MARTINEZ, Jr., | Civil No. 18-1260 (JRT/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN DAVID PAUL, | |
| Respondent. | |

Jose Monserrato Martinez, Jr., Reg No. 13080-030, FMC Rochester, PMB 4000, 2110 Center Street East, Rochester, MN 55903, *pro se* petitioner.

Erica H. MacDonald, United States Attorney, and Bahram Samie, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

On May 7, 2018, Jose Monserrato Martinez, Jr. brought this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus. (Petition, May 7, 2018, Docket No. 1.) Martinez argues that the Bureau of Prisons ("BOP") abused its discretion by failing to contact his sentencing judge to determine whether he was eligible for a nunc pro tunc designation. Magistrate Judge Elizabeth Cowan Wright wrote a Report and Recommendation ("R. & R.") recommending that the Court deny the Petition. (R. & R., Mar. 6, 2019, Docket No. 9.) Martinez objected to the R. & R. (Obj. Mar. 28, 2019, Docket No. 14.) Because the Magistrate Judge did not err in finding that the BOP did not abuse its discretion, the Court will overrule Martinez's objection and deny his Petition.

## BACKGROUND

On August 25, 2011, Martinez was arrested by Iowa state authorities and charged with possession of cocaine with the intent to deliver. (Petition at 2.) He was held on that charge. (*Id.*) On September 16, 2011, an Iowa state court sentenced Martinez to 120 months' imprisonment for state offenses. (*Id.*) Shortly thereafter, the United States indicted Martinez on the same conduct. (*Id.*) On November 16, 2011, pursuant to a writ of habeas corpus *ad prosequendum*, Martinez was transferred to federal custody pending the federal proceedings. (Decl. of Forest Kelly ("Kelly Decl.") ¶ 8, June 25, 2018, Docket No. 5.) On August 24, 2012, United States District Judge James E. Gritzner sentenced Martinez to 120 months' imprisonment, "to be served concurrently to the undischarged terms of imprisonment" of the Iowa state sentence. (*Id.* ¶ 9, Ex. B at 7, June 25, 2018, Docket No. 5-1.)

On October 12, 2012, Martinez was transferred back to Iowa state custody to serve out the remainder of his state sentence. (Kelly Decl. ¶ 10.) On April 16, 2013, Martinez satisfied his state sentence and was transferred once again to federal custody, to serve out the remainder of his federal sentence. (*Id.* ¶ 11.) He is projected to be released from federal custody on April 18, 2021. (*Id.* ¶ 17, Ex. A at 4.) In computing his federal sentence, the BOP credited Martinez for the 22 days he spent in Iowa custody between August 25, 2011 and September 15, 2011, the day before he was sentenced in Iowa state court. (*Id.*)

The BOP, however, did not credit Martinez for the time he spent in state and federal custody between September 16, 2011, and August 23, 2012, the day before his federal sentencing. In 2017, Martinez challenged the BOP's computation in this regard by filing

a Request for Administrative Remedy with his federal institution. (*See* Attachments to Petition at 2, May 7, 2018, Docket No. 1-1.) The Acting Warden denied his request, stating that the time period in question "was credited towards your state sentence and cannot be awarded as prior credit towards your federal sentence." (*Id.*) Martinez appealed the Warden's decision to the Regional Office, who informed him that the credit he requested was precluded by 18 U.S.C. § 3585(b). (*Id.* at 1.) Martinez further appealed to the Central Office, who denied his appeal for the same reasons. (*Id*. at 4.)

Martinez then brought this Petition, arguing that he "is entitled to jail time credit spent in federal custody during the pendency of his federal case." (Petition at 1.) The basis for his argument is that the BOP erred by refusing to award him a nunc pro tunc designation which would "designate[] the Iowa state prison where petitioner served his state sentence as the place where he began serving his federal sentence." (*Id.*) Martinez argues that, because Judge Gritzner ordered his sentence concurrent to his state sentence, the BOP abused its discretion by refusing to ask him whether he intended to make a nunc pro tunc designation which would apply retroactively.

The Magistrate Judge recommends denying Martinez's Petition for two reasons. First, the Magistrate Judge found that the BOP correctly determined that 18 U.S.C. § 3585 precluded Martinez from receiving pre-sentence credit for the time between September 16, 2011 and August 24, 2012, as he received credit for that time against his state sentence. (R. & R. at 7-8.) Second, the Magistrate Judge determined that the BOP did not abuse its discretion in failing to contact Judge Gritzner because he explicitly stated that Martinez's

sentence was to run concurrently only to "the undischarged terms" of the Iowa sentence. (*Id.* at 8.)

Martinez now objects to the second determination. He argues again that the BOP abused its discretion in failing to contact Judge Gritzner and in denying his request for a nunc pro tunc designation. He therefore requests that the Court grant his Petition and order the BOP to consider his request for nunc pro tunc designation, which would include contacting Judge Gritzner.

## DISCUSSION

### I. STANDARD OF REVIEW

The district court reviews *de novo* those portions of an R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations" to which an objection is made. 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72 .2(b). The objections must be "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); *accord* D. Minn. LR 72.2(b).

### II. OBJECTIONS

Martinez's only objection is that the Magistrate Judge erred in finding that the BOP did not abuse its discretion by refusing to contact Judge Gritzner. Nunc pro tunc relief in this context refers to the BOP's ability to retroactively designate that a federal inmate's sentence commenced at the state facility in which the inmate served time prior to the federal sentence. Granting such relief causes the federal sentence to run concurrently with the state sentence. *See Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) ("[W]hen

a federal defendant is already serving a state sentence, [the] BOP has the practical power to make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.") (internal quotation marks omitted). *Barden* held that the BOP has an obligation to review a nunc pro tunc request to designate a state facility as the place of confinement, but that the BOP has broad discretion in reviewing said requests. *Barden*, 921 F.2d at 483. Under *Barden*, a district court cannot compel the BOP to grant nunc pro tunc relief to a petitioner. *Id.* at 479 n. 6 (holding that even if the district court orders the BOP to review a petitioner's request, the petitioner has "no assurance of success," because of the BOP's broad discretion in reviewing such requests).

18 U.S.C. § 3621(b) specifies that the BOP may grant nunc pro tunc requests after considering several factors, including the sentencing court's recommendation. Indeed, as Martinez points out, BOP policy states that "[n]ormally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." BOP Program Statement 5160.05(9)(b). Thus, Martinez argues that the BOP abused its discretion because the BOP did not contact Judge Gritzner in response to Martinez's request for nunc pro tunc status.

Without considering whether a nunc pro tunc designation in this case is precluded by 18 U.S.C. § 3585's bar against double credit, the Court nevertheless agrees with the Magistrate Judge that the BOP did not abuse its discretion. Generally, the BOP will reach out to a sentencing court when it is unclear from the court's judgment whether the Court has any objections or recommendations regarding nunc pro tunc status. *Trice v.*

*Grondolsky*, No. Civ. 08-2968NLH, 2009 WL 3152116, at *8 (D.N.J. Sept. 25, 2009). That is not the case here. Judge Gritzner clearly stated in his sentencing judgment that Martinez's sentence was to run "concurrently to the *undischarged terms*" of the remaining Iowa state sentence. Because he intended the concurrency to begin at the time of Martinez's federal sentencing and run only with the remainder of Martinez's state sentence, and because that intent was clearly stated in the sentencing judgment, the BOP did not abuse its discretion by refusing to contact Judge Gritzner. Accordingly, the Court will overrule Martinez's objection, adopt the R. & R., and deny the Petition.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Martinez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 28, 2019
at Minneapolis, Minnesota.

                                                          JOHN R. TUNHEIM
                                                            Chief Judge
                                                   United States District Court